**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CONSTANCE WATERWORTH, individually, as
mother and next friend of CHRIST SAM MESSINO, IV,
a minor, and as Special Administrator of the ESTATE OF
CHRIST SAM MESSINO, III,

|                                       |                          |
| ------------------------------------- | ------------------------ |
| Plaintiffs,                           | No. 1:17-cv-04990        |
| v.                                    |                          |
|                                       | **JURY DEMAND**          |

CITY OF JOLIET; Joliet Police Officer WILLIAM
OTIS, individually and in his capacity as a Joliet Police
Officer; and Joliet Police Officer VON STEIN individually
and in his capacity as a Joliet Police Officer,

Defendants.

## COMPLAINT

NOW COMES, Plaintiff, CONSTANCE WATERWORTH, individually, as mother and

next friend of CHRIST SAM MESSINO, IV, a minor and as Special Administrator of the Estate

of CHRIST SAM MESSINO, III, by and through her attorneys, MORRISSEY & DONAHUE, LLC,

and for her Complaint, against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM

OTIS, and Joliet Police Officer VON STEIN, and for her Complaint alleges:

## INTRODUCTION

1.      This is an action brought by Plaintiff, individually, and as mother and next friend

of CHRIST SAM MESSINO, IV, a minor, to seek relief for the wrongful death of his father,

CHRIST SAM MESSINO, III, ("Plaintiff's Decedent" or "Decedent") and the violation of

Decedent's rights, as secured by the Fourth and Fourteenth Amendments to the United States

Constitution. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and

Fourteenth Amendments of the United States Constitution. Plaintiff, individually, brings a

claim for violation of her rights, as secured by the Fourth Amendment of the United States

Constitution and other state laws. Plaintiff seeks compensatory and punitive damages, and such other relief as this Court deems equitable and just.

2.      Plaintiff, as mother and next friend of CHRIST SAM MESSINO, IV, brings this action to recover for the violation of decedent's Fourth and Fourteenth Amendment Rights, as secured by the Unites States Constitution, the violation of which directly caused and contributed to decedent's untimely and wrongful death. On information and belief, Defendant City of Joliet has, acting through the Joliet Police Department and its officers, developed, implemented, enforced, encouraged and sanctions a *de facto* policy, practice and/or custom of unlawfully arresting, without reasonable suspicion or probable cause, individuals such as Decedent.

3.      Contemporaneous with the filing of this Complaint, Plaintiff shall file a Motion with the Court, pursuant to 740 ILCS 180/2.1, seeking confirmation of her appointment as Special Administrator of the Estate of Christ Messino, III, solely for the purpose of prosecuting this lawsuit.

## **PARTIES**

4.      Plaintiff, individually, as mother and next friend of CHRIST SAM MESSINO, IV, a minor, and as Special Administrator of the ESTATE OF CHRIST SAM MESSINO, III, is a citizen of the United States, and, at all times relevant here, is and was a resident of the State of Illinois and Will County.

5.      Defendant City of Joliet (the "City") is a municipal corporation duly incorporated and authorized under the laws of the state of Illinois. The City of Joliet is authorized under the laws of the state of Illinois to maintain a police department, the Joliet Police Department ("JPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

2

The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

6.      At all relevant times, the City of Joliet and its JPD hired, employed, supervised, and controlled the individual Defendants ("Defendant Officers").

7.      Defendant Joliet Police Officer WILLIAM OTIS, star number 249, is and/or was at all times relevant herein, an officer, employee, and agent of the JPD, a municipal agency of the City. His is duly appointed and acting as a police officers of the JPD. OTIS is sued in his individual and official capacities.

8.      Defendant Joliet Police Officer VON STEIN, star number 298, is and/or was at all times relevant herein, an officer, employee, and agent of the JPD, a municipal agency of the City. His is duly appointed and acting as a police officers of the JPD. STEIN is sued in his individual and official capacities.

9.      Defendant Officers OTIS and STEIN were, at all times relevant herein, on duty with the JPD on July 5, 2015.

## JURISDICTION AND VENUE

10.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3), as this action seeks redress for the violation of decedent's constitutional rights.

11.     Plaintiff's further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

12.     Venus is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because at least one of the Defendants resides in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

13.     On July 5, 2015, Plaintiff's Decedent was lawfully driving a 2002 Ford Explorer, registered with the State of Illinois in the name of his live-in companion, Plaintiff, southbound on Chicago Street in Joliet, Will County, Illinois.

14.     Defendant Officers targeted Plaintiff's Decedent and started following him in an effort to develop a reasonable articulable suspicion or probable cause to stop and curb Plaintiff's Decedent.

15.     Defendant Officers targeted pursuit of Plaintiff's Decedent continued for miles as Plaintiff's Decedent traveled for miles on Chicago Street (including after Chicago Street merged into Illinois Route 53), in Joliet, Will County, Illinois.

16.     Plaintiff's Decedent never committed a traffic violation and drove perfectly during the entire target pursuit.

17.     The JPD squad car had operational video, but, despite a Department of Justice mandate requiring working audio in the squad car, the squad car did not have working audio on the date in question and had not had a working audio system for at least 6 months.

18.     City officials at JPD responsible for repairing the audio in the squad car failed to do so for the specific purpose of depriving individuals that are placed under arrest for alleged criminal conduct, such as Plaintiff's Decedent, of exculpatory evidence (*i.e.*, the conversations of the officers while following Plaintiff's Decedent for several miles, during and after the traffic stop).

19.     According to Defendant Officer Stein's Police Report concerning the incident, Defendant Officer Otis, who was driving the police vehicle, claims he saw Plaintiff's Decedent proceed through a red light at the intersection of Chicago Street and Interstate 80 ("I-80"). Squad car video of the target pursuit, however, demonstrates that Plaintiff's Decedent lawfully proceeded

4

through the intersection at Chicago Street and I-80 while the traffic control signals were green, having successfully crossed the intersection before the light changed to a cautionary yellow and, at a minimum, was well beyond the stop line on Chicago Street while the traffic signals were still green.

20.     Defendant Officers continued to follow Plaintiff's Decedent for an approximate 1.5 miles until he signaled and pulled into his private driveway at 1003 S. Chicago Street, at which time Defendant Officers activated their emergency lights, indicating their intent to seize Plaintiff's Decedent and the vehicle he was driving.

21.     Despite having no probable cause or reasonable suspicion to do so, Defendant Officers seized Plaintiff's Decedent and Plaintiff's vehicle.

22.     Defendant Officer Stein proceeded to ask Plaintiff's Decedent questions and requested his driver's license and proof of registration.

23.     Plaintiff's Decedent provided Defendant Officers with his name and date of birth and admitted that he did not have a valid driver's license.

24.     Plaintiff's Decedent was arrested, fingerprinted, booked and transported to the Will County Adult Detention Facility where he was detained based on the false allegations of Defendant Officers that Plaintiff's Decedent was lawfully stopped and properly chargeable with the offense of felony driving on a suspended/revoked license, operation of an uninsured motor vehicle, disobeying a traffic control device and other traffic offenses.

25.     Plaintiff, being present at the scene at the time of the arrest, informed Defendant Officers that she was the rightful owner of the vehicle driving by Plaintiff's Decedent at the time of the arrest.

26.     Plaintiff requested that because the vehicle was registered to her, and was lawfully on the property where she resided, that the vehicle not be towed and impounded.

27.     Defendant Officers refused Plaintiff's request, calling a tow truck to remove the vehicle from the property for impoundment.

28.     During the arrest of Plaintiff's Decedent, Defendant Officer Otis, using excessive force, and without consent, placed his hand on the shoulder of Plaintiff and told her to go into the house or she would be going to jail with Plaintiff's Decedent.

29.     At no time was Plaintiff uncooperative or otherwise aggressive during her discussions with Defendant Officers on the date in question.

30.     On the date in question, Defendant Officer Stein was an "officer in training" while his partner, Defendant Officer Otis, was responsible for training Defendant Officer Stein, a newly hired JPD Officer within a probationary hiring period on July 5, 2015.

31.     At the time of the arrest, Defendant Officer Stein had been employed with the JPD for approximately three (3) months.

32.     Thereafter, Defendant Officer Stein testified before the Grand Jury that a traffic stop was conducted at or near the intersection of I-80 and Chicago Streets based on Plaintiff's decedent's disregard for a traffic control device, in violation of 625 ILCS 5/11-305(a), knowing full well that Plaintiff's Decedent was not stopped for approximately 1.5 miles past the intersection because both Defendant Officers knew that Plaintiff's Decedent did not violate 625 ILCS 5/11-305(a) at the intersection of I-80 and Chicago Street.

33.     The State produced a video which demonstrates Plaintiff's Decedent did not disregard a red light at or near the intersection of Chicago Street and the exit ramp from Interstate 80 in Joliet, Illinois, and, therefore, there was no probable cause for the Defendant Officers to

6

activate their emergency lights, thereby seizing Plaintiff's Decedent and the vehicle he was operating.

34.     The stop of the vehicle Plaintiff's Decedent was operating and any subsequent questioning of Plaintiff's decedent were made without probable cause and, therefore, without authority.

35.     The conduct of Plaintiff's Decedent prior to the stop of the vehicle was such that it would not have reasonably been interpreted by an objective arresting officer as constituting probable cause on the basis alleged in the Indictment (*i.e.*, that Plaintiff's decedent had committed a traffic violation.)

36.     In support of their false claim that Plaintiff's Decedent had committed a traffic violation, Defendant Officers provided false statements in written reports, testimony in front of the grand jury, and other evidence.

37.     Plaintiff's Decedent was released on bond on or about July 7, 2015, approximately two days after his arrest.

38.     Based on the video produced by the State, Plaintiff's Decedent's attorney filed a motion to quash arrest and suppress all evidence incident to the arrest. The Court, agreeing that the arrest was unlawful, granted the motion to quash on or about April 14, 2016.

39.     Thereafter, on or about April 29, 2017, the State dismissed its case against Plaintiff's Decedent.

40.     Due to his incarceration based on the illegal stop and arrest by Defendant Officers, Plaintiff's Decedent lost his employment and other income used to support his family.

41.     Due to the State's pending felony case against Plaintiff's Decedent, as a result of the illegal stop and arrest, Plaintiff's Decedent was unable to secure employment, despite several attempts.

42.     As a result of his inability to secure new employment, Plaintiff's Decedent was unable to make the payments on his home located at 1003 S. Chicago Street and had to abandon his interest therein and move into a small basement apartment in Crest Hill, Illinois with Plaintiff and their son Chris Messino IV.

## MEDICAL CARE

43.     The State's pending felony case, the loss of employment as a result and, consequently the subsequent loss of his family's home, all contributed to feelings of uncontrolled anxiety and other serious heart related maladies that Plaintiff's Decedent did not suffer prior to his unlawful arrest by Defendant Officers.

44.     As a result, Plaintiff's Decedent presented to Will County Community Health Center and was seen by Dr. Jing Lee.  According to his medical records, Plaintiff's Decedent was experiencing symptoms consistent with anxiety and hypertension as a result of his pending criminal case.

45.     Plaintiff's Decedent presented to Will County Community Health Center for a second time, and was seen by Dr. Jennifer Byrd. Plaintiff's Decedent reported bouts of worry and nervousness because of the loss of income due to the actions of the Defendants. Plaintiff's Decedent was diagnosed with hypertension and anxiety, among other thing, and advised to follow up in 3-4 weeks.

46.     Plaintiff's Decedent presented to Will County Community Health Center where he was examined by Dr. Gina Wilkins. Plaintiff's Decedent continued to experience feelings of

anxiety, including but not limited to inability to sleep, racing thoughts, fatigue, pacing, excessive talking, irritability and an inability to concentrate. His physical symptoms included, but were not limited to hyperventilation, tinnitus, tunnel vision and hand tremors. Dr. Wilkins diagnosed Plaintiff's Decedent with anxiety and hypertension, and prescribed Wellbutrin, Lisinopril and Norvasc.

47.     Prior to July 5, 2015, Plaintiff's Decedent had been in good health.

48.     Plaintiff's Decedent began experiencing symptoms of high blood pressure and hypertension only after, solely due to and proximately caused by, the unconstitutional conduct of the Defendants described herein.

49.     Despite his efforts to keep his family afloat, due to the stress caused by the illegal seizure, arrest, incarceration and subsequent court proceedings relating thereto, Plaintiff's Decedent spent all of his savings to post bond and to pay to have the family vehicle released after it was wrongfully impounded, lost employment and income, lost the family home, and, most significantly, Plaintiff's Decedent suffered a myocardial infarction (heart attack) five (5) days after the dismissal of the criminal proceeding against him, the officer's stop, seizure and arrest of defendant having been found to violate the Fourth Amendment of the United States Constitution in the criminal proceedings.

50.     Plaintiff's decedent never suffered from high blood pressure or hypertension prior to his wrongful arrest and detention and, as a result of those conditions caused by the unconstitutional police misconduct on July 6, 2015, died on May 4, 2016 as a result of the heart attack.

51.     Plaintiff's Decedent is survived by his minor son, Chris Messino IV, his sole heir pursuant to the laws of the State of Illinois.

## POLICES AND PRACTICES

52.     The above-described widespread practice, so well-settled as to constitute *de facto* policy in the JPD during the time period at issue, was able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem.

53.     The widespread practices described in the preceding paragraphs were allowed to take place because the City of Joliet declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

54.     JPD officers who followed the above *de facto* procedures, proceeding in the prosecution of cases against individuals such as Plaintiff's decedent, had every reason to know that they not only enjoyed *de facto* immunity from criminal prosecution and/or discipline, but that they also stood to be rewarded for unlawful arrests and malicious prosecutions, no matter the costs. In this way, this system proximately caused abuses, such as the unconstitutional police misconduct that occurred on July 5, 2017 and continued through the hearing on Defendant's Motion to Quash Arrest and Suppress Evidence in the criminal proceedings against Plaintiff's Decedent.

55.     Plaintiff's Defendant's Motion to Quash Arrest and Suppress Evidence in the criminal proceedings was unequivocally granted by a neutral jurist based on the squad car video that demonstrated there was no lawful basis for the Defendant Officers to seize the vehicle being driven by Plaintiff's Decedent on July 5, 2015.

56.     The continuing course of conduct described above and below constitutes a pattern and practice, with the silent and implicit approval of unknown supervising officers, as well as the express agreement with and cooperation of other assisting arresting officers, to obtain gain through the unlawful arrest and malicious prosecutions of innocent drivers.

57.     This pattern and practice constitutes a single series of transactions.

58.     The searches and seizures of Plaintiff's Decedent's person and Plaintiff's property, performed willfully and wantonly by the Defendant Officers, was in violation of Plaintiff's Decedent's right to be free of unconstitutional searches and seizures under the Fourth Amendment of the United States Constitution and, therefore, is a properly the subject of an action pursuant to 42 U.S.C. §1983.

59.     As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff's Decedent was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused him great mental and physical anguish and humiliation, exposed Plaintiff's Decedent to public disgrace, and cause him to incur various expenses, all to Plaintiff's Decedent's damage.

## <u>COUNT I</u>
### (42 U.S.C. §1983 and Fourth and Fourteenth Amendments)

60.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

61.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff's Decedent of his right to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendant Officers are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

62.     As a direct and proximate result of Defendant Officers' unlawful actions, Plaintiff's Decedent has suffered damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

63. As a direct and proximate result of Defendant Officer's unlawful actions, Plaintiff has suffered damages, including, mental and emotional injury and pain, mental anguish and suffering.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

   a)   Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

   b)   Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

   c)   Such other and further relief as this Court may deem just and proper.

### COUNT II
### (42 U.S.C. §1983 and Fourth and Fourteenth Amendments)

64. Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

65. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff's Decedent of his rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the Defendant Officers are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

66. As a direct and proximate result of Defendant Officer's unlawful actions, Plaintiff's Decedent has suffered damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and death.

12

67. As a direct and proximate result of Defendant Officer's unlawful actions, Plaintiff has suffered damages, including, mental and emotional injury and pain, mental anguish and suffering.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

   a) Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

   b) Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

   c) Such other and further relief as this Court may deem just and proper.

### COUNT III
**(42 U.S.C. §1983 and Fourth and Fourteenth Amendments)**

68. Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

69. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. §1983 for the violation of Plaintiff's Decedent's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

70. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff's Decedent of his constitutional rights. The prosecution by Defendants of Plaintiff's Decedent constituted malicious prosecution in that there was no basis for

Plaintiff's Decedent's arrest, yet Defendants continued with the prosecution, which was resolved in favor of Plaintiff's decedent.

71.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff's Decedent suffered damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

72.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages, including, mental and emotional injury and pain, mental anguish and suffering.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)      Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)      Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c)      Such other and further relief as this Court may deem just and proper.

## COUNT IV
### (42 U.S.C. §1983 and the Fourteenth Amendment)

73.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

74.     As describe more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff's Decedent of his constitutional right to a fair trial.

75.    In the manner described more fully above, the Defendants deliberately fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff.

76.    Absent this misconduct, the prosecution of Plaintiff's Decedent could not and would not have been pursued.

77.    The Defendant Officers' misconduct also directly resulted in the unjust criminal prosecution of Plaintiff's Decedent, thereby denying him his constitutional right to a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

78.    As a result of this violation of his constitutional right to a fair trial, Plaintiff's Decedent suffered injuries, including, but not limited to, emotional distress, anxiety, depression, hypertension and ultimate death, as is more fully alleged above.

79.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

80.    The misconduct described in this Court was undertaken pursuant to the policy and practice of the JPD in the manner described more fully herein.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)    Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)      Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c)      Such other and further relief as this Court may deem just and proper.

**COUNT V**
**(42 U.S.C. §1983 *Monell* Claim)**

81.    Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

82.    As all relevant times here, Defendant City of Joliet, acting through its JPD, developed, implemented, enforced, encourages and sanctioned *de facto* policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's Decedent's constitutional rights which caused the violation of such rights.

83.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff's Decedent of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

84.    The constitutional abuses and violations by Defendant City of Joliet, through the actions of the JPD and Defendant Officers, were and are directly and proximately caused by policies, practices and/or customs, developed, implemented, enforced, encouraged and sanctioned by Defendant City of Joliet, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendant Officers; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of Joliet.

16

85.     Upon information and belief, Defendant City of Joliet, acting through its JPD, developed, implemented, enforced, encouraged and sanctioned a *de facto* policy, practice and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals like Plaintiff's Decedent.

86.     Among the *de facto* policies of the municipality and its agents were:

a.  The failure to properly investigate judicial findings of unconstitutional police misconduct;

b.  The failure to have a system which monitors patterns of unconstitutional police misconduct;

c.  The failure to properly discipline sustained allegations of unconstitutional police misconduct;

d.  The failure to properly maintain records of judicial findings of police misconduct, including, but not limited to, false arrest;

e.  The failure to properly hire, train, monitor and/or supervise officers;

f.  A *de facto* policy, practice, and custom of the policy code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of persons, despite their obligations under JPD regulations to do so. This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution; and

g.  The failure to have a system in place that properly verifies the validity of motor vehicle violations based on squad car video.

87.     The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by Defendant City of Joliet, and its subsidiary departments, and have encouraged the individual Defendant Officers to commit the aforementioned wrongful acts against Plaintiff's Decedent, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's decedent's and Plaintiff's injuries.

88. Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff's Decedent of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

89. Defendant have acted with deliberate indifference to the constitutional rights of Plaintiff's Decedent. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's Decedent's constitutional rights have been violated which caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendant CITY OF JOLIET, awarding:

a) Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b) Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c) Such other and further relief as this Court may deem just and proper.

## COUNT VI
### (State Law Claim, Civil Conspiracy)

90. Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

91. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

92.     In furtherance of the conspiracy, Defendants committer overt acts, including, but not limited to, providing false or otherwise misleading information in written reports, testimony and other evidence for the prosecution of Plaintiff's Decedent, and were otherwise willful participants in this joint activity.

93.     The misconduct described in this Court was undertaken with malice, willfulness, and reckless indifference to the rights of others.

94.     As a proximate result of Defendants' conspiracy, Plaintiff's Decedent suffered damages, including severe emotional distress, anxiety, depression, hypertension, and ultimate death, as is more fully alleged above.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)     Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)     Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c)     Such other and further relief as this Court may deem just and proper.

### COUNT VII
**(State Law Claim, Malicious Prosecution)**

95.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

96.     Defendants caused Plaintiff's Decedent to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and

continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's Decedent's favor in a manner indicative of innocence.

97.     Defendant Officers accused Plaintiff's Decedent of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors and the Grand Jury with the intent of exerting influence to institute and continue the judicial proceedings.

98.     Statements of the Defendant Officers regarding Plaintiff's Decedent's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

99.     The misconduct described in this Court was undertaken with malice, willfulness, and reckless indifference to the rights of others.

100.     As a result of this misconduct, Plaintiff's Decedent suffered injuries, including pain and suffering.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

   a)     Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

   b)     Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

   c)     Such other and further relief as this Court may deem just and proper.

## COUNT VIII
### (State Law Claim, Intentional Infliction of Emotional Distress)

101.   Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

102.   The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff's Decedent, as is more fully alleged above.

103.   Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff's Decedent. And thereby constituted intentional infliction of emotional distress.

104.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

105.   As a proximate result of Defendants' wrongful acts, Plaintiff's Decedent suffered damages, including severe emotional distress and anguish, as is more fully alleged herein.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)      Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)      Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c)      Such other and further relief as this Court may deem just and proper.

21

## COUNT IX
### (State Law Claim, Wrongful Death)

106.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

107.     Plaintiff's Decedent is survived by his minor son, whom constitutes his sole heir under Illinois law.

108.     Plaintiff's Decedent was pronounced dead on May 4, 2016.

109.     The wrongful death of Plaintiff's decedent was proximately caused by the willful and wanton conduct of Defendant Officers in violation of 740 ILCS §180.1.

110.     Defendant Officers' wrongful conduct was the direct and proximate cause of injury and damage to Plaintiff's Decedent and his Estate.

111.     As next of kin, Plaintiff's decedent's minor son has lost and will continue to lose, pecuniary support, consortium, society, companionship as well as all family members have suffered the grief and sorrow from the loss of the love and affection of and for his father, and the Estate has incurred funeral and burial expenses as a proximate result of his wrongful death.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)     Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)     Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c)     Such other and further relief as this Court may deem just and proper.

## COUNT X
### (State Law Claim, Funeral Expenses – Plaintiff, individually v. All Defendants)

112.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

113.     Defendant Officers engaged in extreme and outrageous behavior as detailed above.

114.     Defendant Officers intended such conduct to inflict severe distress upon Plaintiff's Decedent and his heir and knew that their conduct would cause Plaintiff's Decedent's family severe emotional distress.

115.     As a direct and proximate result of Defendant Officer's outrageous conduct, Plaintiff, Plaintiff's Decedent and his Estate were injured and suffered actual damages.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, individually, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer VON STEIN, in their individual capacities, jointly and severally, awarding:

a)      Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b)      Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

b)   Such other and further relief as this Court may deem just and proper.

## COUNT XI
### (State Law Claim, Battery – Plaintiff, individually v. Officer Otis)

116.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

117.     Defendant Officer Otis knowingly, and without legal justification, made unwanted and nonconsensual physical contact with the person of Plaintiff, thereby constituting battery under Illinois law.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, individually, by and through her attorneys, Morrissey & Donahue, LLC, respectfully requests that this Court enter judgment in her favor and against Defendant Joliet Police Officer WILLIAM OTIS, awarding compensatory damages, costs and as well as any other relief this Court deems appropriate.

## COUNT XII
### (42 U.S.C. §1983 and Fourth Amendment – Plaintiff, individually v. All Defendants)

118.    Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

119.    By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of her right to be free from unreasonable seizures without reasonable suspicion or probable cause as required by the Fourth Amendment, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

120.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages, including but not limited to, the illegally imposed fees for the towing and impoundment of her vehicle, despite being lawfully on her property and the time of Plaintiff's Decedent's unlawful arrest.

121.    Defendants lack probably cause of reasonable suspicion to stop and subsequently arrest Plaintiff's Decedent and, therefore, lacked authority to seize and impound the vehicle driven by Plaintiff's Decedent at the time in question, and belonging to Plaintiff.

WHEREFORE, Plaintiff CONSTANCE WATERWORTH, as Special Administrator of the Estate of CHRIST SAM MESSINO, III and as mother and next friend of CHIRST SAM MESSINO, IV, respectfully requests that this Court enter judgment in her favor and against

Defendants, CITY OF JOLIET, Joliet Police Officer WILLIAM OTIS; and Joliet Police Officer

VON STEIN, in their individual capacities, jointly and severally, awarding:

a) Compensatory, incidental, consequential and punitive damages in an amount to be determined at trial;

b) Prejudgment interest on liquidated expenses, and costs of suit herein incurred; and

c) Such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: July 5, 2017

Respectfully submitted,

CONSTANCE WATERWORTH, individually, as mother and next friend of CHRIST SAM MESSINO, IV, a minor, and as Special Administrator of the ESTATE OF CHRIST SAM MESSINO, III

By: __/s/ Charles F. Morrissey__
Charles F. Morrissey (IL ARDC # 6243531)
Darnell R. Donahue (IL ARDC # 6304720)
Cassie R. S. Stockert (IL ARDC # 6314081)
Morrissey & Donahue, LLC
55 East Monroe Street, Suite 2905
Chicago, Illinois 60603
(312) 967-1200
cfm@morrisseydonahue.com
drd@morrisseydonahue.com
crss@morrisseydonahue.com

*Attorneys for Plaintiffs, CONSTANCE WATERWORTH, individually, as mother and next friend of CHRIST SAM MESSINO, IV, a minor, and as Special Administrator of the ESTATE OF CHRIST SAM MESSINO, III*